FRUGÉ, Judge ad hoc.
Defendant appeals from a trial court judgment awarding plaintiffs $500 attorneys’ fees.
This is a suit by Blanchard & Blanchard, a law firm for attorneys’ fees in connection with a suit filed on behalf of the defendant, Dominick C. Foti. Plaintiffs allege that their firm were retained by the defendant to file suit on his behalf against Foti Drugs, Inc., for $2,600, and that they-entered into an oral contract whereby the plaintiff was to handle the case for a one-third contingency fee plus cost. It is further alleged that the plaintiff filed the suit, obtained judgment therein and proceeded with the execution but was prevented from-so doing because of his discharge by the defendant. They pray for a fee of $866.-66 plus $10 costs incurred. Defendant, in his answer, substantially denied all allegations of the petition but admitted that the-services of the plaintiff were discontinued as of October 19, 1956. The case was tried and judgment rendered in favor of plaintiffs for $500 together with legal interest and costs. From this adverse judgment, the defendant has perfected . this appeal.. Petitioners answered the appeal praying; for the amendment of the trial court judgment bringing up their fee to the-amount sued for. • , .
*276 The senior member of the law firm, plaintiffs herein, testified that he was employed by the defendant to collect rentals aggregating the sum of $2,600 and that he secured a judgment for said .sum with legal interest and costs, and that as a result thereof, a writ of fieri facias was issued and that there was sufficient property in the hands of the defendant, Foti Drugs, Inc., to satisfy the lessor’s lien and privilege and that the contract of employment was on the basis of one-third contingent. He testified that after the writ of fieri facias was issued and the property seized, the defendant discharged the attorneys and proceeded to enforce the judgment either by himself or with the assistance of the Clerk of Court or the Sheriff.
The defendant testified that he had employed the Blanchard firm for their services but that he understood that the fee would not amount to more than $250 or $300. There was a witness to the alleged oral contract who corroborated defendant.
 There is no dispute that the law recognizes the fact that an attorney may be discharged at any time during the pend-ency of the proceedings upon the client paying the obligation he incurred by said employment. The District Judge in his very short reasons for judgment comments on the fact that there was conflict in the testimony with respect to the oral agreement to pay one-third. We understand from his reasons that his arrival at the sum of $500 being just and sufficient was based on the doctor’s testimony to the effect that the property recovered as a result of the Sheriff’s sale was worth $1,500. The trial judge stated that the fee depends on the amount recovered. This reasoning on the part of the trial judge indicates to this Court that he considered the oral agreement of employment on a one-third basis to have been proven to his satisfaction. There is testimony in the record that the property seized was of much greater value than that for which fhe defendant bought it' at the Sheriff’s sale. We are of the opinion that inasmuch as the oral contract was thus proven and defendant prevented plaintiffs from completing their legal assignment by their discharge and that there was sufficient property to satisfy the claim for full recovery, that plaintiffs are accordingly fully entitled to their entire fee as prayed for. We accordingly amend the judgment of the District Court to the amount of $876.66 and as amended, affirmed, with legal interest and costs in favor of plaintiffs and against defendant.
Amended and affirmed.